UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:07-CR-00076-1-BR
NO: 7:10-CV-00176-BR

| | | |
|---|---|---|
| GREGORY L. WALKER | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 petition. Petitioner filed a response in opposition to the motion and a motion to amend his response. Without opposition, the motion to amend is ALLOWED.

On 4 October 2007, a jury convicted petitioner of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and distribution of five grams or more of cocaine base. Subsequently, the court sentenced petitioner to a total term of imprisonment of 360 months. Petitioner appealed his conviction and sentence. The Court of Appeals for the Fourth Circuit affirmed. United States v. Frink, Nos. 08-4163, 08-4233 (4th Cir. May 14, 2009). On 20 October 2009, the Supreme Court denied petitioner's petition for a writ of certiorari. Petitioner filed the instant petition on 7 September 2010.

Petitioner raises four claims. His first two claims allege ineffective assistance of counsel. The applicable legal standard for such a claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984):

> a meritorious ineffective assistance claim must demonstrate two
> things: first, that counsel's performance was deficient and, second,
> that counsel's deficient performance prejudiced the defense. Under
> the second prong of Strickland's test, there is a "strong
> presumption" that counsel's strategy and tactics fall "within the

> wide range of reasonable professional assistance." For counsel's
> trial performance to be deficient, he must have "made errors so
> serious that counsel was not functioning as the 'counsel' guaranteed
> the defendant by the Sixth Amendment," and that "counsel's
> representation fell below an objective standard of reasonableness."
> To establish prejudice, a defendant must show that "there is a
> reasonable probability that, but for counsel's unprofessional errors,
> the result of the proceeding would have been different." Under
> *Strickland,* a reasonable probability is a "probability sufficient to
> undermine confidence in the outcome."

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 122 S. Ct. 2311 (2002).

First, petitioner contends his trial counsel was ineffective for failing to request a "special" jury instruction or a mistrial based on the credibility of government informant Eddie Boone. (Pet. at 4.) As the government points out, petitioner's trial counsel did request a specific jury instruction regarding witness credibility. (See Tr., DE # 99, at 490.) While neither defense counsel's proposed jury instruction nor the court's actual instruction mention Boone by name, the jury instruction given clearly covers Boone's credibility:

> The testimony of an alleged accomplice, and *the testimony of one who provides evidence against a defendant as an informer for pay* or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness' testimony has been affected by any of those circumstances, or by an interest in the outcome of the case, or by prejudice against the defendant, or *by the benefits that the witness has received financially*; and, if you determine that the testimony of such a witness was affected by any one or more of those factors, you should keep in mind that such testimony is always to be received with caution and weighed with great care.

(Id. at 541 (emphases added).) Furthermore, as the Fourth Circuit recognized in affirming petitioner's conviction and in specifically discussing Boone's veracity, "'We do not review the

2

credibility of the witnesses when we evaluate whether there existed sufficient evidence to support a conviction. Just as the uncorroborated testimony of one witness or of an accomplice may be sufficient to sustain a conviction, the uncorroborated testimony of an informant may also be sufficient.'" Frink, slip. op. at 20 (citation omitted). Based on the foregoing, counsel was not deficient regarding any jury instructions pertaining to Boone as a witness nor was counsel deficient for failing to move for a mistrial based on Boone's testimony.

Second, petitioner claims counsel was ineffective because he did not request a special verdict form for the jury to determine the quantity of cocaine hydrochloride involved. (Pet. at 5.) Petitioner's argument appears to be that he would have been subjected to a lower statutory sentence– one involving less cocaine base– if the jury had been asked to determine the amount of cocaine hydrochloride after the sodium bicarbonate (i.e., baking soda) had been separated out. (See Mem., DE # 116, at 10-12.) Cocaine hydrochloride is powder cocaine. United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1995). (See also Tr., DE # 99, at 469.) Because petitioner's charges did not allege powder cocaine as the controlled substance, there was no reason for counsel to request that the jury be required to determine the quantity of powder cocaine involved, and therefore, counsel's performance was not deficient in this regard.

Third, petitioner claims his sentence is unconstitutional based on the disparity between sentences for powder cocaine offenses and for those offenses, like his, involving cocaine base, or crack. (See Pet. at 7.) As a general matter, the sentencing disparity between crack and powder cocaine offenses has passed Constitutional muster. See United States v. Perkins, 108 F.3d 512, 518-19 (4th Cir. 1997); Fisher, 58 F.3d at 99-100. Petitioner's argument is based on a recent amendment to the sentencing guidelines which resulted from the enactment of the Fair

3

Sentencing Act of 2010 ("FSA"), Pub. L. 111-220.[1]  That Act, enacted 3 August 2010, increased the amounts of crack necessary to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b).  However, it does not apply retroactively to offenses which occurred prior to its enactment.  See United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010); United States v. Reevey, 631 F.3d 110, 114–15 (3d Cir. 2010); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010).  Similarly, Amendment 748 to the U.S. Sentencing Guidelines, which reduced the base offense levels for crack in response to the FSA, is not identified as an amendment to be applied retroactively to a defendant serving a term of imprisonment.  See U.S.S.G. § 1B1.10(a), (c).  Thus, petitioner is not entitled to relief on his third claim.

Finally, petitioner claims that his prior state convictions for possession with intent to manufacture, sell, and deliver a controlled substance and for obtaining property by false pretenses are not predicate offenses for the career offender sentencing guideline enhancement.  (Mem., DE # 116, at 20.)  His argument is based on the Supreme Court's decisions in United States v. Rodriquez, 553 U.S. 377 (2008), and Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which petitioner suggests have effectively overruled United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005).  Technically speaking, Harp (and Jones, on which Harp relied) remains the law in this Circuit.  Recently, in United States v. Simmons, No. 08-4475, 2011 WL 546425 (Feb. 16, 2011), the Fourth Circuit

---

[1]To the extent that petitioner could be deemed to argue that his sentence should be reduced, a motion pursuant to 18 U.S.C. § 3582(c) is appropriate, not a motion to vacate under 28 U.S.C. § 2255.  Nonetheless, the court will consider the argument raised as a basis for relief under § 2255.

4

confirmed the validity of Harp in the wake of Carachuri-Rosendo. However, on 18 March 2011, the court vacated that decision and granted rehearing en banc.

Even if petitioner is correct about Carachuri-Rosendo, he still must overcome the hurdle of showing that the rule announced in that case applies retroactively to cases on collateral review. The court located only one case which has addressed the retroactivity of Carachuri-Rosendo, and there, acknowledging the dearth of case law, the court declined to apply the rule retroactively. See United States v. Powell, Nos. 5:10cv137-V-5, 5:03cr37-13, 2011 WL 32519, *4 (W.D.N.C. Jan. 4, 2011). Without further guidance from the Supreme Court or any Courts of Appeal, the court will not apply Carachuri-Rosendo to this case on collateral review. However, the court will grant petitioner a certificate of appealability as to the issue. See Powell, at *5 (granting certificate of appealability as to "whether *Carachuri-Rosendo* announced a new rule of law that applies retroactively to cases on collateral review for purposes of § 2255(f)(3)").

The government's motion to dismiss is ALLOWED. The petition is DISMISSED, and the Clerk is DIRECTED to close this case and serve petitioner with a copy of this order. The court finds that reasonable jurists would find the court's assessment of petitioner's fourth claim debatable and that therefore petitioner has made a substantial showing of the denial of a constitutional right. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (setting forth inquiry court must undertake for issuance of certificate of appealability under 28 U.S.C. § 2253). It is ORDERED that a certificate of appealability shall issue as to whether petitioner is entitled to

habeas corpus relief on the basis of the holding in Carachuri-Rosendo.

This 7 April 2011.

                                                                                    W. Earl Britt
                                                                                   Senior U.S. District Judge