UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:07-CR-00076-1-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GREGORY L. WALKER | ) | |

This matter is before the court on defendant's *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative, motion for habeas corpus pursuant to 28 U.S.C. § 2241. (DE # 166.)

By way of background, in 2007, a jury convicted defendant of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and distribution of five grams or more of cocaine base. Subsequently, and upon finding that defendant was subject to the career offender sentencing enhancement, the court sentenced defendant to a total term of imprisonment of 360 months. Defendant appealed his conviction and sentence, and the Court of Appeals for the Fourth Circuit affirmed. In 2010, defendant timely filed a 28 U.S.C. § 2255 motion. On the government's motion to dismiss, the court considered the merits of defendant's habeas corpus claims and dismissed them. (DE # 133.) Defendant appealed that decision, and the Court of Appeals affirmed.

In 2013, defendant filed a motion to amend his § 2255 motion to assert a claim based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Treating the motion as a second § 2255 motion, the court dismissed it without prejudice for defendant to obtain authorization from the Court of Appeals to file a second or successive § 2255 motion. (DE #

149.) Shortly thereafter, defendant filed a motion to alter or amend that order based on Alleyne v. United States, 133 S. Ct. 2151 (2013), and Miller v. United States, 735 F.3d 141 (4th Cir. 2013). Treating the motion to alter or amend as *another* § 2255 motion, the court dismissed it without prejudice for defendant to obtain authorization from the Court of Appeals to file a second or successive § 2255 motion. (DE # 151.) Defendant appealed, and the Court of Appeals dismissed the appeal.

By way of the instant motion, defendant is once again attempting to challenge his sentence based on Simmons and Miller, and additionally citing to the more recent decision of United States v. Whiteside, 748 F.3d 541 (4th Cir. 2014), reh'g en banc granted, No. 13-7152 (4th Cir. July 10, 2014). And, once again, the court is obligated to treat defendant's motion as one pursuant to § 2255. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("It is only when § 2255 proves inadequate or ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241. Importantly, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion." (internal quotation marks and citations omitted) (omission in original)); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. . . . [N]ew legal arguments . . . will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." (footnote and citation omitted)). Accordingly, defendant must seek authorization from the Court of Appeals to file a second or successive § 2255 motion, see 28

2

U.S.C. §§ 2244(b), 2255(h).

The Rule 60(b) or alternative § 2241 motion is DISMISSED WITHOUT PREJUDICE. The court finds that defendant has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 16 July 2014.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge

3

Case 7:07-cr-00076-BR   Document 169   Filed 07/16/14   Page 3 of 3