IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-00076-1BR

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| GREGORY L. WALKER | ) |  |

This matter is before the court on defendant's *pro se* motion to modify or reduce his sentence under the First Step Act of 2018 ("First Step Act"), (DE # 198), and defendant's counseled supplemental motion for a sentence reduction under the First Step Act, (DE # 200).

In 2007, a jury convicted defendant of one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 846 and two counts of distribution of five grams or more of crack cocaine and aiding and abetting the same in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). At sentencing, in 2008, the court determined that defendant was a career offender under U.S.S.G. § 4B1.1 and sentenced him to a total term of 360 months imprisonment, the bottom of the applicable sentencing guidelines range, and five years supervised release on all counts. On appeal, the Fourth Circuit affirmed defendant's convictions and sentence.

In 2010, defendant filed a *pro se* habeas corpus motion under 28 U.S.C. § 2255 challenging his convictions and sentence on several grounds, including his career offender designation. On the government's motion, the court dismissed the § 2255 motion. However, the court granted defendant a certificate of appealability on the issue of whether the court should have applied a recent Supreme Court decision retroactively to analyze a prior conviction used for

the career offender guideline enhancement. The Fourth Circuit affirmed.

In July 2019, defendant filed his *pro se* motion. The court appointed the Federal Public Defender to represent him pursuant to Standing Order No. 19-SO-3 (E.D.N.C.). In October, the Federal Public Defender filed a notice of appearance on behalf of defendant and filed the supplemental motion for a sentence reduction. The government filed a response to that motion, (DE # 201), and defendant filed a reply, (DE # 204). The United States Probation Office has filed a memorandum setting forth its assessment of defendant's eligibility for relief, (DE # 205), to which defendant has filed an objection, (DE # 206). Defendant recently filed a sentencing memorandum. (DE # 207.)

In his counseled motion, defendant requests that the court reduce his sentence of imprisonment and term of supervised release. (Suppl. Mot., DE # 200, at 3.) Based on changes in the relevant statutory penalties and sentencing law, his age, length of time in custody, and post-sentencing conduct, he argues a sentence of time served is appropriate. (Id. at 2-3; Reply, DE # 204, at 4-7.) The government does not dispute that defendant is eligible for relief. (See Resp., DE # 201, at 3.) However, it urges the court to deny defendant relief because, it maintains, the change in statutory penalties has no effect on defendant's guideline range due to his career offender status. (See id.)

Under 18 U.S.C. § 3582(c)(1)(B), a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The First Step Act is such a statute. See United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019), amended (Nov. 21, 2019) ("[T]he distinct language of the First Step Act compels the interpretation that motions for relief under that statute are appropriately brought under § 3582(c)(1)(B).") The Act made Sections 2

2

and 3 of the Fair Sentencing Act of 2010 ("Fair Sentencing Act") retroactive. See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if [these] sections . . . were in effect at the time the covered offense was committed." Id. § 404(b).

To determine whether defendant is eligible for relief under the First Step Act, the court considers whether defendant's offenses are "covered offenses." See Wirsing, 943 F.3d at 185. The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222. Those sections of the Fair Sentencing Act increased the threshold amounts of crack cocaine to trigger mandatory minimum terms of imprisonment for trafficking crack cocaine and eliminated the five-year mandatory minimum term of imprisonment for simple possession of crack cocaine. See Pub. L. No. 111-220, §§ 2, 3, 124 Stat. 2372 (2010).

In this case, defendant committed the crack cocaine offenses prior to 3 August 2010. At the time defendant committed the offenses, the statutory penalties for the conspiracy offense were 10 years to life imprisonment and five years to life supervised release, (PSR, DE # 178, at 1, 16-17), see also 21 U.S.C. § 841(b)(1)(A)(iii) (2006); id. § 846 (1970), and they were 5 to 40 years imprisonment and four years to life supervised release for the distribution offenses, (PSR, DE # 178, at 1, 16-17), see also 21 U.S.C. § 841(b)(1)(B)(iii) (2006). The Fair Sentencing Act modified these penalties. See Pub. L. No. 111-220, § 2(a), 124 Stat. at 2372 (raising the threshold amounts). If the Fair Sentencing Act was in effect at the time defendant committed the offenses, he would be subject to 5 to 40 years imprisonment and four years to life supervised

3

release for the conspiracy offense and no more than 20 years imprisonment and three years to life supervised release for the distribution offenses. See 21 U.S.C. § 841(b)(1)(B)(iii), (C) (2018). Accordingly, his offenses of conviction are "covered offenses" under the First Step Act, and defendant is eligible for relief.

Whether to reduce defendant's sentence remains in the court's discretion. See Wirsing, 943 F.3d at 180. The court considers the relevant 18 U.S.C. § 3553(a) factors, the advisory nature of the sentencing guidelines, and the defendant's post-sentencing conduct. E.g., United States v. Mack, Crim. No. PJM 09-00247, 2019 WL 7037961, at *3 (D. Md. Dec. 20, 2019); United States v. Spotts, Civil Action No. 3:00-0647, Criminal Action No. 3:98-00047-01, 2019 WL 6521981, at *4 (S.D.W. Va. Dec. 3, 2019); United States v. Robinson, No. 5:06-CR-14, 2019 WL 5967967, at *6 (W.D. Va. Nov. 13, 2019); United States v. Brown, No. 07-20195-01, 2019 WL 4126555, at *3 (E.D. Mich. Aug. 30, 2019). Considering these factors, the court concludes a sentence reduction is warranted.

Defendant is 52 years old and has been incarcerated more than 13 years. He has an exemplary disciplinary record while incarcerated. (See Reply, Ex. C, DE # 204-3, at 3.) He has obtained his GED and taken numerous educational courses, including drug education and courses which are part of the Release Preparation Program. (Id. at 2-3, 4.) He maintains two jobs, for which he receives good evaluations. (Id. at 2; Reply, Ex. F, DE # 204-6, at 2.) He has satisfied his financial obligations. (Reply, Ex. C, DE # 204-3, at 4.) Defendant has expressed remorse for his actions and claims he has "changed in so many ways . . . mentally, physically, and spiritually." (Reply, Ex. F, DE # 204-6, at 2.) He has much family support. (See Reply, Ex. G, DE # 204-7 (letters from family members).)

Additionally, with the change in statutory penalties and contrary to the government's argument, defendant's sentencing guideline range has been lowered. At sentencing, the court determined that defendant's imprisonment range was 360 months to life on the conspiracy offense and 360-480 months on the distribution offenses. (2/5/08 Tr., DE # 94, at 3-4.) His supervised release range was five years. (Id.) Now, even with the career offender designation, the imprisonment range is 262-327 months on the conspiracy offense and 240 months (the statutory maximum) on the distribution offenses. See U.S.S.G. Ch. 5, pt. A (2018); id. §§ 4B1.1(b)(2), 5G1.2 (2018). (See also USPO Mem., DE # 205, at 2.) The supervised release range is four to five years on the conspiracy offense and three years on the distribution offenses. See U.S.S.G. § 5D1.2 (2018).

While the court will not revisit defendant's career offender designation, the court notes that under current law, defendant would not be deemed a career offender.[1] See United States v. Clemon, No. 4:03-cr-00287-TLW-1, 2019 WL 6894130, at *1 n.2 (D.S.C. Dec. 18, 2019) ("But although [the defendant] cannot now challenge his career offender designation, the fact that he would not be a career offender today is an appropriate factor to weigh in considering whether a reduction under the First Step Act is appropriate."). Also, because it is now the court's practice to downwardly vary from the applicable crack cocaine sentencing guidelines to treat crack

---

[1] The parties debate defendant's career offender status, specifically whether defendant's 2002 North Carolina conviction for possession with intent to manufacture, sell, and deliver a Schedule II controlled substance, identified in Paragraph 35 of the Presentence Report, is a qualifying conviction. (Compare Resp., DE # 201, at 3 with Reply, DE # 204, at 3.) Without delving into the issue too much, the court notes that under current law, because defendant could not have been imprisoned more than 12 months for this conviction, see N.C. Gen. Stat. § 15A-1340.17(c), (d) (1997), (see also Reply, Ex. A, DE # 204-1 (state court judgment)), the conviction does not qualify as a felony for the career offender guideline, see United States v. Shuff, 470 F. App'x 158, 162 (4th Cir. 2012) (per curiam) (applying United States v. Simmons, 649 F.3d 237 (4th Cir.2011) (en banc), and holding the defendant, who was convicted of a Class H felony, had a prior record level of III, and was sentenced in the presumptive range, could not have been imprisoned for a term exceeding one year and therefore the conviction was not a proper predicate for the career offender guideline).

cocaine the same as powder cocaine, see Spears v. United States, 555 U.S. 261, 265-66 (2009) (per curiam) ("[D]istrict courts are entitled to reject and vary categorically from the crack cocaine Guidelines based on a policy disagreement with those Guidelines."), defendant's guideline imprisonment range would be significantly lower if he were sentenced today.

Considering all these circumstances, the court will reduce defendant's term of imprisonment to time served and reduce his term of supervised release. Defendant's *pro* se motion and supplemental motion for a sentence reduction are ALLOWED. Defendant's previously imposed sentence of imprisonment as reflected in the judgment dated 14 February 2008 is REDUCED to time served. Defendant's term of supervised release on Count 1 (conspiracy) is reduced to four years and on Counts 4 and 6 (distribution) is reduced to three years, all to run concurrently. The Bureau of Prisons is permitted to delay defendant's release from prison for up to 10 days for administrative purposes. Except as provided herein, all provisions of the judgment dated 14 February 2008 shall remain in effect.

This 3 April 2020.

_____
W. Earl Britt
Senior U.S. District Judge